filed in open court 10/02/17 ATL

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 16-29-LPS |
| | ) | |
| JUSTIN GULISANO, | ) | |
| (a.k.a. "jaynon") | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney for the District of Delaware, Graham L. Robinson, Assistant United States Attorney for the District of Delaware, Lauren E. Britsch, Trial Attorney for the United States Department of Justice, and the defendant, Justin Gulisano, by and through his attorney, Thomas A. Dreyer, Esquire, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. The defendant shall plead guilty to Count One of the Superseding Information, charging him with Enticement of a Minor to Engage in Sexual Activity, in violation of Title 18, United States Code, Section 2422(b), which carries a mandatory minimum penalty of ten (10) years up to a lifetime of imprisonment, a $250,000 fine, or both; a mandatory minimum term of five years up to a lifetime of supervised release; and a special assessment of $100.

2. The defendant understands that if there were a trial with regard to Count One of the Superseding Information, the United States would have to prove the following elements beyond a reasonable doubt:

    (1)    the defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice, or coerce an individual under the age of eighteen (18) to engage in sexual activity;

1

(5)  a 2 level increase pursuant to § 2G2.1(b)(6) is applicable because the defendant used a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct or to otherwise solicit participation by a minor in such conduct for the purpose of producing sexual explicit material.

6.  The United States reserves the right to argue that a 5 level increase pursuant to § 4B1.5(b)(1) is applicable because the defendant's conduct is a "covered sex crime" and because the defendant engaged in a pattern of activity involving prohibited sexual conduct; to wit, the production of child pornography.

7.  Should the United States learn of information currently unknown between the Court's acceptance of this agreement and sentencing, the United States shall not be bound by the Guideline calculations set forth above and shall be free to assert the applicability of any other Guideline provision implicated by such additional information.

8.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a reduction of 3 levels for acceptance of responsibility under the United States Sentencing Guidelines Sections 3E1.1(a) and (b).

9.  The United States agrees to recommend no more than 360 months at the time of sentencing and explicitly retains the right to defend the rulings of the District Court at any subsequent proceeding.

10.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) and applicable mandatory minimums in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing

3

range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

11.     The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the United States appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

12.     The defendant agrees to forfeit all interests in any and all property involved in the offenses charged in the Indictment, including, but not limited to all computer hardware, software, and storage media seized from the defendant between June 30, 2015, and July 4, 2015. The defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the District Court

to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the United States to do so.

13. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

14. The defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current and shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Delaware following

release from prison, the defendant will be subject to the registration requirements of the State of Delaware. The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

15. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in Delaware, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

16. The defendant agrees to pay the $100 special assessment on the day of sentencing. If the defendant is incarcerated as part of his sentence, and if the defendant has unpaid special assessment, fine, or restitution obligations when the defendant begins his period of incarceration, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt owed.

17. The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A and § 2259. The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court under 18 U.S.C. § 2259. The defendant agrees that the minor victim described in the statement of facts accompanying this Plea Agreement, and any other victims identified prior to sentencing, are entitled to restitution under 18 U.S.C. §§ 2259

and 3663(a)(3). The defendant further agrees that the victim identified in the statement of facts is a "crime victim" for purposes of 18 U.S.C. § 3771.

18. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The United States routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

19. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A and Attachment B – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or

after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

*Thomas A. Dreyer, Esquire*
Attorney for Defendant

*Justin Gulisano*
Defendant

Dated: 10/2/17

DAVID C. WEISS
Acting United States Attorney

By: _____
Graham L. Robinson
Assistant United States Attorney

Lauren E. Britsch
Trial Attorney
United States Department of Justice

**AND NOW**, this 2nd day of October _____, 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
LEONARD P. STARK, CHIEF JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

8