IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 16-29-LPS |
| | ) | |
| **JUSTIN GULISANO**, | ) | |
| | ) | |
| Defendant | ) | |

## RESPONSE TO DEFENDANT'S MOTION TO CONTINUE SENTENCING

The defendant has filed a motion to continue sentencing on the basis that defendant is in the process of a gender transition while the defendant is incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania. The government is cognizant of the sensitivity and importance of the issues raised by the defendant's motion. The government opposes such a continuance, however, on the basis that the defendant has not identified any compelling reasons why the date of sentencing affects the defendant's designation to an appropriate facility.

The Bureau of Prisons (BOP) already accounts for the defendant's current gender expression, though the transition process may not yet be complete, in making designations to appropriate facilities. The BOP Transgender Offender manual indicates that initial designations to a BOP facility are made "on a case-by-case basis" based upon "whether a placement would ensure the inmate's health and safety, and whether the placement would present management or security problems." Bureau of Prisons, Transgender Offender Manual, Jan. 18, 2017 (available at https://www.bop.gov/policy/progstat/ 5200.04.pdf) at ¶ 5. The BOP explicitly considers the inmate's current gender expression in determining an inmate's initial designation. *Id.* The defendant's current expression as female will therefore be taken into account regardless of whether

1

the defendant the transition process is complete. The BOP also considers a variety of other factors, including the inmate's security level, criminal history, medical and mental health needs, vulnerability to sexual victimization, and likelihood of perpetrating abuse. *Id.*

The manual also indicates that inmates can be considered for transfer to a facility housing individuals of the inmate's identified gender. *See id.* at ¶ 7. Therefore, as the defendant's transition progresses, BOP can consider transferring the defendant to a different facility at a later date. Furthermore, defendant's preference to remain at the FDC in Philadelphia can be considered by the Court, who can make a recommendation that BOP designate the defendant to remain there. And the defendant has not stated definitely whether the defendant will pursue gender reassignment surgery, and if so, within what time period, such that there will be a material difference in the factors before the Court in May.

In short, BOP's policy already accounts for the defendant's gender identity transition, and BOP will consider a transfer if and when the defendant's gender expression or biological transition progresses such that a different facility would be appropriate. A continuance of this sentencing hearing is therefore not necessary to ensure the defendant's gender transition is appropriately considered for purposes of BOP designation.

                   Respectfully submitted,

                   DAVID C. WEISS
                   Acting United States Attorney

          BY: *s/ Lauren Britsch*
              Lauren Britsch
              Trial Attorney
              Graham L. Robinson
              Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I certify that on January 17, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

      *s/ Lauren Britsch*
Lauren Britsch
Trial Attorney