IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                  ) | Case No. 16-29-LPS |
| ) | |
| **JUSTIN GULISANO**, ) | |
| a.k.a. Emma Alexandra Gulisano,   ) | |
| Defendant                       ) | |

### GOVERNMENT'S POSITION ON SENTENCING

> Victim:     *I'm still not going to send you anything.*
> Gulisano: *Yes you are :)*
> Victim:     *No*
> Gulisano: *If you want to live :)*
> Victim:     *Stop being an asshole!*
> Victim:     *What is that supposed to mean*
> Gulisano: *Im northeast of your shit dump trailer in the field yo*
> Gulisano: *Wanna die*

These are the words—the threats—the defendant wrote to his minor victim to extort more child pornography from her. These threats came after the defendant had already distributed images and videos of the victim on the internet. The defendant threatened to continue to distribute videos of victim on the internet and to send videos of her to the victim's brother. For these crimes, the defendant deserves a substantial sentence of 360 months, at the bottom of the Sentencing Guidelines range, followed by a lifetime of supervised release.

**I.      Applicable Guidelines Range**

The probation officer correctly calculated the advisory guidelines range to be 360 months to life based on a total offense level of 40 with a Criminal History Category of III. This calculation appropriately includes the 5-level enhancement under §4B1.5(b) for engaging in a pattern of activity involving prohibited sexual conduct. PSR ¶ 34. Inclusion of this enhancement does not

constitute impermissible double counting.  *See United States v. Dowell*, 771 F.3d 162 (noting that "there is a presumption that double counting is proper where not expressly prohibited by the guidelines" and finding that the application of §4B1.5(b) did not result in double counting even when applied in addition to the five-level increase for a pattern of unlawful sexual conduct in §2G2.2(b)(5)).  The similar enhancement in §2G2.2 at issue in *Dowell* does not apply here, and there are no other enhancements applied to the defendant that arguably cover the same conduct as that covered by §4B1.5.

## II.     Nature and Circumstances of the Offense

The defendant's crime is serious.  He did more than just attempt to entice a minor.  He did more than just produce, distribute, or possess child pornography.  He threatened to continually distribute child pornography of the victim to extort more sexual content from her, a threat he followed through on by putting her videos on the internet.  He also threatened to kill the victim when the victim refused to produce additional sexually explicit videos for the defendant.  The extortion of the victim—the use of distributed child pornography to coerce the creation of more child pornography—makes the defendant's crimes more serious than other crimes involving online production of child pornography or enticement.  The defendant's distribution of the videos of the victim has inflicted lasting harm to the victim—her videos will live on infinitely on the internet.  Just punishment for the trauma to this victim requires a substantial sentence.

## III.    History and Characteristics of the Defendant

As laid out in the PSR, the defendant's sentencing memorandum, and the psychological evaluation by Dr. Laura Cooney-Koss, the defendant has suffered from mental health and anger issues, along with drug and alcohol abuse.  He never suffered physical abuse as a child, though reports sexual abuse by boys and men three to four years older than he was.  Eval. at 11.  Dr.

Cooney-Koss observed the defendant to demonstrate insight and emotional maturity.  Eval. at 13.

## IV.      Deterrence and Protecting the Public

Perhaps most notable from Dr. Cooney-Koss's evaluation is that the defendant is assessed to be at a Moderate to High risk for future sexual offending.  Eval. at 17–18.  This makes the defendant a continued danger to society, including minors.  The defendant's borderline personality disorder and anger issues also create a risk of instability in the defendant.  *See* Eval. at 9, 19.  While Dr. Cooney-Koss opines that treatment may reduce this risk, the defendant has been through years and years of treatment related to substance abuse and mental health treatment that did not deter him from preying on, extorting, and threatening the victim in this case.  Given the defendant's assessed risk for reoffending, a substantial sentence is warranted to specifically deter the defendant from further criminal activity.  Regarding general deterrence, it is no secret that the internet is a veritable playground for offenders looking to prey on minors and obtain sexual content from them.  A substantial sentence is therefore warranted to send a message to those offenders who may engage in the tactics of extortion and threats to get what they want from children.

## V.       Need to Avoid Unwarranted Sentencing Disparities

The defendant cites to two cases where this Court sentenced defendants convicted under 18 U.S.C. § 2422(b) to the mandatory minimum prison term of 120 months.  These cases are not comparable to this case.  The defendant implies that the facts of those cases are somehow worse than the facts here because the defendant never traveled across a state line to meet the victim.  The defendant did not have to travel though, because he ably used the internet to enter the victim's bedroom and commit his crimes.  He could produce and distribute child pornography without ever leaving home.  These crimes involved not only enticement, but extortion and threats.  Given these additional elements which caused real harm to a real victim, the defendant should receive a higher

3

sentence than the defendants in the two cases he cites.

More comparable cases include *United States v. Frederiksen*, 1:16-CR-96 (E.D. Va. 2016), where a defendant who enticed via the internet six girls between 14 and 17 years old to engage in sexually explicit conduct on camera was sentenced to 240 months imprisonment.   Similarly, in *United States v. Battle*, 1:15-CR-274 (E.D. Va. 2016), a 24-year-old defendant who enticed via a mobile messaging application five teenage boys to take nude photos of themselves was sentenced to 300 months imprisonment after being convicted by a jury.   While each of these cases involved more than victim, neither of them involved the elements of extortion and threats present here, which aggravate the facts of the defendant's case.

**VI.    Conclusion**

There are no factors here that warrant a departure from the guidelines.   The defendant's use of extortion and threats to entice a minor to produce child pornography merit a guideline sentence of 360 months followed by a lifetime of supervised release to effectuate the purposes of § 3553(a).

                        Respectfully submitted,

                        DAVID C. WEISS
                        Acting United States Attorney

BY:    *s/ Lauren Britsch*
        Lauren Britsch
        Trial Attorney
        Graham L. Robinson
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

  I certify that on May 23, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

              *s/ Lauren Britsch*
              Lauren Britsch
              Trial Attorney