AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
District of Delaware

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| JESSICA RACHELLE GULISANO* a/k/a Justin R. Gulisano* | Case Number: 16-CR-29-LPS |
| | USM Number: 08723-015 |
| **Date of Original Judgment:** 9/11/2018 | THOMAS DREYER, ESQUIRE |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 OF THE SUPERSEDING INFORMATION
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2422(b), 2256 and 2427 | ENTICEMENT OF A MINOR TO ENGAGE IN SEXUAL ACTIVITY | 6/19/2015 | 1 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/17/2019
Date of Imposition of Judgment

_[signature]_
Signature of Judge

HONORABLE LEONARD P. STARK, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

May 2, 2019
Date

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 7

DEFENDANT: JESSICA RACHELLE GULISANO* a/k/a Justin R
CASE NUMBER: 16-CR-29-LPS

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

200 MONTHS.

☑ The court makes the following recommendations to the Bureau of Prisons:

THE COURT RECOMMENDS THE DEFENDANT BE PLACED AT A FACILITY THAT HAS THE RESIDENTIAL DRUG ABUSE PROGRAM (RDAP) AVAILABLE AND SEX OFFENDER TREATMENT OR MANAGEMENT PROGRAMS.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __7__

DEFENDANT: JESSICA RACHELLE GULISANO* a/k/a Justin R.
CASE NUMBER: 16-CR-29-LPS

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

10 YEARS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment—Page __4__ of __7__

DEFENDANT: JESSICA RACHELLE GULISANO* a/k/a Justin R.
CASE NUMBER: 16-CR-29-LPS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Case 1:16-cr-00029-LPS   Document 84   Filed 05/02/19   Page 5 of 7 PageID #: 260

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release                                           (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 7

DEFENDANT: JESSICA RACHELLE GULISANO* a/k/a Justin R. (
CASE NUMBER: 16-CR-29-LPS

## SPECIAL CONDITIONS OF SUPERVISION

1. THE DEFENDANT SHALL PARTICIPATE IN HOME CONFINEMENT WITH ELECTRONIC MONITORING, WHICH SHALL INCLUDE A GLOBAL POSITIONING (GPS-LOCATION MONITORING) COMPONENT, AND YOU MUST ABIDE BY ALL RULES, REGULATIONS, AND REQUIREMENTS OF THE PROGRAM FOR A TERM OF TWO MONTHS.

2. THE DEFENDANT SHALL PARTICIPATE IN MENTAL HEALTH AND/OR SEX OFFENDER TREATMENT PROGRAMS, WHICH MAY INCLUDE A PSYCHOSEXUAL EVALUATION, AN ABLE ASSESSMENT FOR SEXUAL INTEREST, RISK ASSESSMENT TESTING, AND COUNSELING. THE PROBATION OFFICER, UNDER THE DIRECTION OF THIS COURT, SHALL SUPERVISE THE SELECTION OF THE PROGRAM AND ALL ADMINISTRATIVE DETAILS OF YOUR PARTICIPATION IN THE PROGRAM. THE DEFENDANT SHALL WAIVE ALL RIGHTS OF CONFIDENTIALITY REGARDING SUCH TREATMENT AND EVALUATION TO ALLOW THE RELEASE OF INFORMATION TO THE PROBATION OFFICER AND THE COURT, AND THE DEFENDANT SHALL ALLOW FREE COMMUNICATION BETWEEN THE PROBATION OFFICER, THE COURT AND THE TREATMENT PROVIDER(S).

3. THE DEFENDANT SHALL SUBMIT TO RANDOM POLYGRAPH EXAMINATIONS, ON SUBJECTS RELATED TO YOUR SUPERVISION AND TREATMENT. THE PROBATION OFFICER SHALL SUPERVISE THE ADMINISTRATIVE DETAILS OF THE POLYGRAPH EXAMINATIONS, INCLUDING THE FREQUENCY IN WHICH SUCH EXAMINATIONS ARE ADMINISTERED. ANY EXAMINATIONS SHALL BE ADMINISTERED BY A CERTIFIED EXAMINER SELECTED BY THE PROBATION OFFICER. SUCH EXAMINATIONS SHALL BE ADMINISTERED BY A CERTIFIED EXAMINER. THE DEFENDANT MAY BE REQUIRED TO CONTRIBUTE TO THE COSTS OF THE POLYGRAPH EXAMINATIONS TO THE EXTENT THAT YOU HAVE THE ABILITY TO PAY.

4. THE DEFENDANT SHALL COMPLY WITH THE TERMS OF USE OF ANY WEBSITE OR INTERACTIVE COMPUTER SERVICE THAT THE DEFENDANT ACCESSES, INCLUDING PROHIBITIONS AGAINST USE BY CONVICTED SEX OFFENDERS.

5. THE DEFENDANT IS PROHIBITED FROM ENGAGING IN ANY OCCUPATION, BUSINESS, PROFESSION OR VOLUNTEER ACTIVITY THAT INCLUDES CONTACT WITH MINORS WITHOUT THE APPROVAL OF THE COURT.

6. THE DEFENDANT SHALL NOT OWN OR OPERATE A PERSONAL COMPUTER OR ELECTRONIC DEVICES WITH INTERNET ACCESS IN THE DEFENDANT'S HOME OR AT ANY OTHER LOCATION, INCLUDING EMPLOYMENT. THIS IS AN INITIAL PROHIBITION, WHICH THE COURT WILL TERMINATE WHEN: (1) THE DEFENDANT HAS BEEN IN COMPLETE COMPLIANCE WITH ALL CONDITIONS OF SUPERVISION FOR AT LEAST ONE YEAR; (2) THE DEFENDANT HAS NOT DEMONSTRATED DECEPTION ON ANY POLYGRAPH EXAMINATIONS AND/OR THE DEFENDANT HAS NOT MADE ANY ADMISSIONS OR DISCLOSURES INDICATING RISK BEHAVIORS, AND (3) THE DEFENDANT'S COURT APPOINTED MENTAL HEALTH AND/OR SEX OFFENDER THERAPISTS AND COUNSELORS ALL AGREE THAT THE TERMINATION OF THE PROHIBITION WILL AID IN THE DEFENDANT'S REHABILITATION.

7. IF GRANTED INTERNET ACCESS BY THE COURT: (1) THE DEFENDANT SHALL PROVIDE A COMPLETE RECORD OF ALL PASSWORDS AND USER IDENTIFICATIONS, BOTH PAST AND PRESENT, TO THE U.S. PROBATION OFFICE, AND SHALL NOT MAKE ANY CHANGES WITHOUT PRIOR WRITTEN APPROVAL OF THE COURT, (2) THE DEFENDANT SHALL COMPLY WITH THE REQUIREMENTS OF ANY COMPUTER/INTERNET USAGE MONITORING PROGRAM ESTABLISHED, ADMINISTERED BY THE U.S. PROBATION OFFICE, (3) THE DEFENDANT SHALL NOT INTERFERE WITH THE INSTALLATION OF MONITORING SOFTWARE ON ANY COMPUTER OR ELECTRONIC DEVICE TO WHICH THE DEFENDANT HAS ACCESS. THE SOFTWARE MAY RESTRICT AND/OR RECORD ANY ACTIVITY ON THE COMPUTER OR DEVICE, INCLUDING THE CAPTURE OF KEYSTROKES, APPLICATION DATA, INTERNET USE HISTORY, EMAIL AND INSTANT MESSAGE APPLICATIONS, AND ONLINE CHAT CONVERSATIONS. A NOTICE WILL BE PLACED ON THE COMPUTER OR DEVICE AT THE TIME OF INSTALLATION TO WARN OTHERS OF THE EXISTENCE OF THE MONITORING SOFTWARE. THE DEFENDANT SHALL NOT REMOVE, TAMPER WITH, REVERSE ENGINEER, OR IN ANY WAY CIRCUMVENT THE MONITORING SOFTWARE.

8. THE DEFENDANT SHALL NOT POSSESS OR VIEW ANY MATERIALS, INCLUDING PICTURES, PHOTOGRAPHS, FILMS, VIDEOS, COMPUTER-GENERATED IMAGES, DRAWINGS, OR CARTOON DEPICTING MINORS, OR WHAT APPEARS TO BE MINORS, ENGAGED IN SEXUAL EXPLICIT CONDUCT AS DEFINED IN 18 U.S.C. § 2256 (8).

9. THE DEFENDANT SHALL NOT POSSESS OR VIEW ANY MATERIALS INCLUDING PICTURES, PHOTOGRAPHS, FILMS, VIDEOS, COMPUTER-GENERATED IMAGES, DRAWINGS, OR CARTOON DEPICTING ADULTS IN SEXUALLY EXPLICIT CONDUCT AS DEFINED IN 18 U.S.C. § 2256(2). THIS IS AN INITIAL PROHIBITION, WHICH THE COURT WILL TERMINATE WHEN: (1) THE DEFENDANT HAS BEEN IN COMPLETE COMPLIANCE WITH ALL CONDITIONS OF SUPERVISION FOR AT LEAST ONE YEAR; (2) THE DEFENDANT HAS NOT DEMONSTRATED DECEPTION ON ANY POLYGRAPH EXAMINATIONS AND/OR THE DEFENDANT HAS NOT MADE ANY ADMISSIONS OR DISCLOSURES INDICATING RISK BEHAVIORS, AND (3) THE DEFENDANT'S COURT APPOINTED MENTAL HEALTH AND/OR SEX OFFENDER THERAPISTS AND COUNSELORS ALL AGREE THAT THE TERMINATION OF THE PROHIBITION WILL AID IN THE DEFENDANT'S REHABILITATION.

10. THE DEFENDANT SHALL NOT ASSOCIATE WITH ANYONE WHO IS A KNOWN SEX OFFENDER, EXCEPT IN A REGISTERED TREATMENT PROGRAM.

11. THE DEFENDANT SHALL NOT HAVE ANY CONTACT, DIRECT OR INDIRECT, WITH THE VICTIM IDENTIFIED IN THIS CASE.

12. THE DEFENDANT SHALL HAVE NO UNSUPERVISED INTERACTION WITH A MINOR OTHER THAN THE DEFENDANT'S BIOLOGICAL OR LEGALLY ADOPTED CHILDREN (UNLESS THEY ARE VICTIMS) WITHOUT THE PRIOR APPROVAL OF THE COURT.

13. THE DEFENDANT SHALL RESIDE IN A RESIDENCE APPROVED, IN ADVANCE, BY THE PROBATION OFFICER. ANY CHANGES IN THE RESIDENCE MUST BE PRE-APPROVED BY THE PROBATION OFFICER.

14. THE DEFENDANT SHALL NOT RESIDE WITHIN 500 FEET OF A SCHOOL, PLAYGROUND OR DAYCARE CENTER.

15. THE DEFENDANT SHALL NOT HAVE CONTACT WITH ANY VICTIM OR VICTIM'S FAMILY. THE DEFENDANT SHALL IMMEDIATELY REPORT ANY CONTACT TO THE PROBATION OFFICER.

16. THE DEFENDANT SHALL ABIDE BY ANY CURFEW SET BY THE DEFENDANT'S PROBATION OFFICER, TAKING INTO THE ACCOUNT THE DEFENDANT'S WORK SCHEDULE AND OTHER ESSENTIAL RESPONSIBILITIES.

17. THE DEFENDANT SHALL NOT VISIT OR LIVE AT A RESIDENCE WHERE THERE ARE MINORS OTHER THAN THE DEFENDANT'S BIOLOGICAL OR LEGALLY ADOPTED CHILDREN (UNLESS THEY ARE VICTIMS) PRESENT WITHOUT APPROVAL OF THE COURT AND WITHOUT THIRD PARTY NOTIFICATION. THE DEFENDANT SHALL NOT INVITE OR OTHERWISE ENCOURAGE ANY MINOR OTHER THAN THE DEFENDANT'S BIOLOGICAL OR LEGALLY ADOPTED CHILDREN (UNLESS THEY ARE VICTIMS) TO VISIT THE DEFENDANT'S LIVING QUARTERS.

18. THE DEFENDANT SHALL COMPLY WITH THE RULES AND REGULATIONS OF ANY TRANSITIONAL HOUSING PLACEMENT.

19. THE DEFENDANT SHALL NOT PUBLICLY DISPLAY ANY MATERIALS THAT MAY BE USED AS LURES FOR CHILDREN, SUCH AS GAMES AND TOYS.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 7

DEFENDANT: JESSICA RACHELLE GULISANO* a/k/a Justin R. (
CASE NUMBER: 16-CR-29-LPS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ N/A | $ WAIVED | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __7__ of __7__

DEFENDANT: JESSICA RACHELLE GULISANO* a/k/a Justin R. (
CASE NUMBER: 16-CR-29-LPS

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ __100.00__ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.